1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9    Tiffany C. Lamb,                         No. CV-12-00738-PHX-DGC

10                    Plaintiff,              **ORDER**

11   v.

12   Michael J. Astrue, Commissioner of the
     Social Security Administration,

13                    Defendant.

14

15

16          On September 28, 2012, Tiffany Lamb ("Plaintiff" or "the claimant") filed an

17   opening brief challenging the Commissioner's denial of her application for Social

18   Security benefits.  Doc. 13.  The Commissioner filed a response on November 14, 2012.

19   Doc. 16.  Plaintiff filed a reply on December 3, 2012.  Doc. 17.  For the reasons that

20   follow, the Court will grant Plaintiff's appeal of the Commissioner's determination and

21   remand the case for an award of benefits.

22   **I.      Factual Background.**

23          Plaintiff filed an application for disability insurance benefits and supplemental

24   security income on November 9, 2007, alleging a disability onset date of May 1, 2006.

25   Tr. at 24.   Her claims were initially denied on April 8, 2008, and again after

26   reconsideration on October 7, 2008.  Tr. at 24.  A hearing was held on February 23, 2010,

27   at which Plaintiff amended the alleged onset date to November 4, 2007.  Tr. at 24. The

28   Administrative Law Judge ("ALJ") denied Plaintiff's application, and the ALJ's decision

1  became the final agency decision when the Social Security Administration Appeals

2  Council denied a request for review.  Tr. at 1-5.

3  **II.      Legal Standard.**

4          Defendant's decision to deny benefits will be vacated "only if it is not supported

5  by substantial evidence or is based on legal error." *Robbins v. Soc. Sec. Admin.*, 466 F.3d

6  880, 882 (9th Cir. 2006).  "'Substantial evidence' means more than a mere scintilla, but

7  less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept

8  as adequate to support a conclusion."  *Id.*   In determining whether the decision is

9  supported by substantial evidence, the Court must consider the record as a whole,

10  weighing both the evidence that supports the decision and the evidence that detracts from

11  it. *Reddick v. Charter*, 157 F.3d 715, 720 (9th Cir. 1998).  If there is sufficient evidence

12  to support the Commissioner's determination, the Court cannot substitute its own

13  determination. *See Young v. Sullivan*, 911 F.2d 180, 184 (9th Cir. 1990).

14  **III.     Analysis.**

15          For purposes of Social Security benefits determinations, a disability is

16  
17              the inability to do any substantial gainful activity by reason of
                any medically determinable physical or mental impairment
                which can be expected to result in death or which has lasted
18              or can be expected to last for a continuous period of not less
                than 12 months.

19  20 C.F.R. § 404.1505.

20          Determining whether a claimant is disabled involves a five-step evaluation.  The

21  claimant must show (1) he is not currently engaged in substantial gainful employment,

22  (2) he has a severe physical or mental impairment, and (3) the impairment meets or

23  equals a listed impairment or (4) his residual functional capacity ("RFC") precludes him

24  from performing his past work.  If at any step the Commission determines that a claimant

25  is or is not disabled, the analysis ends; otherwise it proceeds to the next step.  If the

26  claimant establishes his burden through step four, the Commissioner bears the burden at

27  step five of showing that the claimant has the RFC to perform other work that exists in

28  substantial numbers in the national economy.  *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v).

1          The ALJ found that Plaintiff has not engaged in substantial gainful employment

2   since the disability onset date of November 4, 2007, and that she suffers from

3   "fibromyalgia, with aches and pain through her muscles and joints, fatigue, and major

4   depression."  Tr. at 26.  The ALJ found the combination of these impairments to be

5   severe, satisfying step two. *Id*.  At step three the ALJ considered the medical evidence

6   and concluded that the claimant does not have an impairment or combination of

7   impairments that meets or equals the severity of one of the impairments listed in the

8   regulations.  Tr. at 27.  The ALJ then considered the medical evidence and relevant

9   statements and testimony and concluded that Plaintiff had the RFC to perform light work

10  as defined in 20 C.F.R. § 404.1567(b) and § 416.967(b).  Tr. at 28.  Plaintiff was limited,

11  however, to "unskilled work involving simple operations, with no crawling, crouching,

12  climbing, squatting or kneeling, no use of her legs or feet for pushing or pulling leg

13  controls and no reaching above shoulder level." *Id.*  At step five, the ALJ considered the

14  testimony of the vocational expert and concluded that Plaintiff could not perform her past

15  relevant work as a clerk typist or a stocker, but that she could perform other jobs that

16  exist in significant numbers in the national economy.  Tr. at 32-33.  Therefore, the ALJ

17  concluded that the Plaintiff was not disabled within the meaning the Social Security Act.

18  Tr. at 34.

19         Plaintiff's brief raises several challenges to the ALJ's findings.  She argues that

20  the ALJ erred by rejecting the assessment of the treating rheumatologist and Plaintiff's

21  symptom testimony.  She also argues that it was error for the ALJ to determine work

22  capacities "based on a standardized assessment, without any basis in the record[.]"

23  Doc. 13 at 1.  The last argument is presented with an acknowledgment that it has been

24  rejected by this Court and is raised merely to preserve the issue for further appeal.

25  Doc. 13 at 20-21, n. 13.  Because the Court finds that the ALJ improperly discounted the

26  treating physician's testimony and that the testimony is sufficient to remand for an award

27  of benefits, it need not address the additional arguments.

28

1          **A.     Testimony of Treating Rheumatologist.**

2          Where the treating physician's opinion is not contradicted by another physician,

3    the ALJ's reasons for rejecting the opinion must be "clear and convincing."  *Thomas v.*

4    *Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (citation omitted); see also *Lewis v. Apfel*,

5    236 F.3d 503, 517 (9th Cir. 2001) ("[A]n ALJ may reject a treating doctor's medical

6    opinion, if no other doctor has contradicted it, only for 'clear and convincing' reasons

7    supported by substantial evidence.") (citing *Reddick*, 157 F.3d at 725).  If the opinion of a

8    treating physician conflicts with the opinion of an examining physician, the ALJ may

9    discount the treating physician's opinion if he "makes findings setting forth specific,

10   legitimate reasons for doing so that are based on substantial evidence in the record."

11   *Thomas*, 278 F.3d at 957 (citation omitted).  "The ALJ can meet this burden by setting

12   out a detailed and thorough summary of the facts and conflicting clinical evidence,

13   stating his interpretation thereof, and making findings."  *Id* (quotation marks omitted).

14   Additionally, "[t]he ALJ need not accept the opinion of any physician, including a

15   treating physician, if that opinion is brief, conclusory, and inadequately supported by

16   clinical findings."  *Id*.

17         Dr. Vijayabhanu Mahadevan, M.D., was Plaintiff's treating rheumatologist.  In a

18   Fibromyalgia Residual Functional Capacity Questionnaire, completed on December 9,

19   2011, Dr. Mahadevan opined that Plaintiff's fibromyalgia and depression caused her

20   "moderately severe pain," and that Plaintiff has "moderately severe fatigue which

21   interferes with her attention and concentration on a frequent basis."  Tr. at 213-215.  He

22   also checked the box indicating that Plaintiff would not be able to sustain work on a

23   regular and continuing basis (8 hours a day, 5 days a week).  Tr. at 215.

24         The ALJ stated that he gave "little weight" to Dr. Mahadevan's opinion because it

25   was "inconsistent with the record as a whole" and was "based entirely upon the

26   claimant's subjective allegations and . . . unsupported by the medical evidence, which

27   includes finding [sic] by other physicians [.]"  Tr. at 32.  Plaintiff argues that the ALJ did

28   not point out any inconsistences with the record, and that the other medical evidence did

1  not contradict Dr. Mahadevan's assessment.  Furthermore, she argues that mere reliance

2  on a patient's subjective reporting of symptoms is not sufficient evidence to undermine

3  the opinion of a treating physician.

4        The ALJ specifically cites to several exhibits containing Dr. Mahadevan's and the

5  physician's assistant's treatment notes at Valley Arthritis Care (Exs. 4F, 10F, 18F

6  corresponding with Tr. at 316-327, 375-389, 492, 516).  He characterizes the physical

7  exam notes as normal except for a left shoulder problem unrelated to fibromyalgia, but

8  the notes contain "other findings" in the "Physical Findings" section that indicate

9  Plaintiff was "positive" at multiple trigger points.  Tr. at 318, 379, 382, 385, 388, 493,

10  495, 497, 500, 503, 506, 508, 510.  Multiple tender points are common symptoms of

11  fibromyalgia.  *Benecke v. Barnhart*, 379 F.3d 587, 590 (9th Cir. 2004) ("Common

12  symptoms . . . include chronic pain throughout the body, multiple tender points, fatigue,

13  stiffness, and a pattern of sleep disturbance that can exacerbate the cycle of pain and

14  fatigue associated with this disease.").  Although the ALJ cites many pages containing

15  these positive trigger point observations, he never mentions them or explains how they

16  are consistent with his characterization of the physical exam findings as normal.

17        The ALJ cites opinions from a podiatrist, a gynecologist, and a physical therapist,

18  each of whom examined or treated Plaintiff.  Tr. at 30.  The podiatrist's opinion concerns

19  pain in the big toe of the right foot.  Tr. at 549.  The ALJ does not explain how this

20  opinion contradicts Dr. Mahadevan's fibromyalgia diagnosis or his findings about

21  Plaintiff's limitations.  Tr. at 30.  The gynecologist testified that the results of

22  gynecological exams in 2008 and 2009 were normal (Tr. at 391, 542), but the ALJ does

23  not explain how these exams are related to the treating physician's fibromyalgia

24  diagnosis.  The physical therapist's treatment for back pain from January 25 through

25  March 3, 2010, is relevant to the underlying fibromyalgia diagnosis to the extent that it

26  addresses the severity of the Plaintiff's pain.  The ALJ noted that the physical therapist's

27  examinations "remained essentially the same" and that the condition was gradually

28  improving.  Tr. at 30. While this evidence demonstrates some improvement in Plaintiff's

1    back pain in early 2010, it does not contradict Dr. Mahadevan's fibromyalgia diagnosis

2    or provide clear and convincing evidence for discounting his 2011 opinion regarding

3    Plaintiff's overall condition throughout the disability period.  *Thomas*, 278 F.3d at 957;

4    Tr. at 217.

5         The ALJ also appears to have relied on the opinion of a nurse practitioner in

6    discounting the opinion of Dr. Mahadevan.  He observed that because Dr. Mahadevan

7    prescribed a low grade exercise program and stretching to relieve some of the symptoms

8    of fibromyalgia, nurse practitioner Patricia Timlick refused to indicate that Plaintiff

9    would be disabled for "more than one year" or to fill out an application for a disabled

10   license plate.  Tr. at 30.  Her refusal was also based on her own physical examinations.

11   Tr. at 534-35.  Timlick also noted that Plaintiff's condition had improved somewhat as a

12   result of medication.  Tr. at 392.  A nurse practitioner, however, is not an "acceptable

13   medical source," and her opinions cannot be used to contradict the opinion of a treating

14   physician.  *Gomez v. Chater*, 74 F.3d 967, 970-71 (9th Cir. 1996); 20 C.F.R. §§

15   404.1513(a) and (d); *Thomas*, 278 F.3d at 957.  The ALJ fails to articulate how a light

16   exercise regimen and some improvement with medication provide clear and convincing

17   evidence that Dr. Mahadevan's underlying diagnosis was wrong or that the prescribed

18   physical limitations were overstated.

19        Finally, the ALJ discounts Dr. Mahadevan's opinion because it is "based entirely

20   on the claimant's subjective allegations and is unsupported by the medical evidence."

21   Tr. at 32.   While Dr. Mahadevan's treatment notes contain a record of Plaintiff's

22   subjective complaints, they also note positive trigger points indicative of fibromyalgia.

23   "[A]n ALJ does not provide clear and convincing reasons for rejecting an examining

24   physician's opinion by questioning the credibility of the patient's complaints where the

25   doctor does not discredit those complaints and supports his ultimate opinion with his own

26   observations." *Ryan v. Commissioner of Social Sec.* 528 F.3d 1194, 1199 (9th Cir. 2008)

27   (citation omitted).

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### B.    Award of Benefits.

The decision to remand for further development of the record or for an award benefits is within the discretion of the Court.  42 U.S.C. § 405(g); *see Harman v. Apfel*, 211 F.3d 1172, 1173-74 (9th Cir. 2000).  This Circuit has held, however, that an action should be remanded for an award of benefits where three conditions are met:  the ALJ has failed to provide legally sufficient reasons for rejecting evidence, no outstanding issue remains that must be resolved before a determination of disability can be made, and it is clear from the record that the ALJ would be required to find the claimant disabled were the rejected evidence credited as true.

The Court has found that the ALJ failed to give legally-sufficient reasons for discrediting the opinion of Plaintiff's treating physician, Dr. Mahadevan.  As a result, his opinion must be credited as true.  *See Varney v. Secretary of Health and Human Services*, 859 F.2d 1396 (9th Cir. 1988) ("if grounds for [discrediting a claimant's testimony] exist, it is both reasonable and desirable to require the ALJ to articulate them in the original decision."); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) ("Where the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, we credit that opinion 'as a matter of law.'" (citing *Hammock v. Bowen,* 879 F.2d 498, 502 (9th Cir.1989)); *Harman v. Apfel,* 211 F.3d 1172, 1178 (9th Cir.2000) (same); *Benecke v. Barnhart,* 379 F.3d 587 (9th Cir.2007) ("Because the ALJ failed to provide legally sufficient reasons for rejecting Benecke's testimony and her treating physicians' opinions, we credit the evidence as true.").

When presented with Dr. Mahadevan's opinion regarding Plaintiff's limitations, the vocational expert stated the limitations "would preclude work[.]"  Tr. at 65.  Because Dr. Mahadevan's limitations opinion is credited as true, and the vocational expert has already testified that such limitations would preclude all work, there are no outstanding issues to be resolved.  Accordingly, the Court will remand for an award of benefits.

**IT IS ORDERED:**

1.    Defendant's decision denying benefits is **reversed**.

1        2.     The claim is **remanded** for an award of benefits.

2        Dated this 8th day of February, 2013.

3

4

5

_____

6                      David G. Campbell
                      United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28